UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| John Doe, | Case. No. 22-cv-3142 (JRT/DJF) |
| Plaintiff, | |
| v. | |
| Alejandro Mayorkas, Antony J. Blinken, and Ur Jaddou, | ORDER |
| Defendants. | |

Plaintiff John Doe filed a Complaint under seal on December 22, 2022 (ECF No. 1), along with a public redacted copy of the Complaint (ECF No. 2). Plaintiff simultaneously filed a Motion to File Complaint Under Pseudonym and Seal the Complaint ("Motion") (ECF No. 3). Defendants entered an appearance on January 3, 2023 (ECF No. 11) and have not responded to the Motion. On April 6, 2023, the Court stayed this matter for 90 days so the parties could pursue an administrative resolution. (ECF No. 26.) While the Court is hopeful the parties will be able to reach an administrative resolution, the Court addresses the Motion now because it has been pending for several months.

Plaintiff asks the Court to seal Plaintiff's Complaint because it contains confidential and sensitive information about Plaintiff and individuals who are not parties to this action, and disclosure of such information could threaten the lives and safety of Plaintiff and Plaintiff's family members. (ECF No. 3 at 1.) Plaintiff similarly asks to proceed pseudonymously because disclosing Plaintiff's identity could cause Plaintiff and Plaintiff's family members significant harm. (*Id.* at 1- 2.) The Court finds good cause to grant Plaintiff's Motion.

"There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222–23 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597

(1978)). Notwithstanding, the right of access is not absolute and requires the court to balance the competing interests of public access against the legitimate interests of maintaining confidentiality of the information sought to be sealed. *Id.* at 1123. Here, the Court finds good cause to seal Plaintiff's Complaint because Plaintiff's interest in maintaining confidentiality outweighs any interest of public access.

Further, "[t]hough neither the Supreme Court nor the Eighth Circuit have directly addressed pseudonymous litigation, both courts have allowed parties to use pseudonyms." *Doe v. Innovate Fin., Inc*, Civ. No. 21-1754 (JRT/TNL), 2022 WL 673582, at *3 (D. Minn. Mar. 7, 2022). Specifically, "[a] plaintiff may proceed under a pseudonym if (1) they are challenging a governmental activity; (2) prosecution of the suit would compel plaintiff to disclose information of the utmost intimacy; or (3) plaintiff would be compelled to admit their intention to engage in illegal conduct and risk prosecution." *Id.* The Court may also consider whether: (1) the litigation involves matters that are highly sensitive and of a personal matter; (2) identification presents other harms and the likely severity of those harms, including whether the injury being litigated against would be incurred as a result of disclosure; (3) the defendant is prejudiced; (4) the plaintiff's identity has thus far been kept confidential; (5) the public's interest in the litigation is furthered by requiring the plaintiff to disclose their identity; and (6) there are alternative mechanisms to protecting plaintiff's confidentiality. *Id.*

Here, Plaintiff is challenging governmental activity, and public disclosure of Plaintiff's name could be life threatening to Plaintiff and Plaintiff's family members. Further, Defendants will not suffer prejudice if Plaintiff is permitted to proceed with a pseudonym because Plaintiff's name is contained in the unredacted version of the Complaint that has been filed under seal and is accessible to Defendants. *See Doe v. Tsai*, Civ. No. 08-1198 (DWF/AJB), 2008 WL 11462908,

at *4 (D. Minn. July 23, 2008) (granting motion to proceed with pseudonyms and noting "Defendants know the identities of all their accusers, and shielding the child-Plaintiffs' identities from the public record will not prejudice their case."). Finally, the serious risk to Plaintiff and Plaintiff's family members from public disclosing their names outweighs any public interest. The Court therefore grants Plaintiff's request to proceed under pseudonym.

For these reasons, the Court grants Plaintiff's Motion. To the extent Defendants object, they may file a motion to reconsider within fourteen (14) days of this Order.

## ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to File Complaint Under Pseudonym and Seal the Complaint (ECF No. [3]) is **GRANTED**.

2. The Court directs the Clerk to keep ECF No. [1] sealed;

3. Plaintiff may proceed under a pseudonym; and

4. Defendants may file a motion to reconsider within fourteen (14) days of this Order if they object.

Dated: May 19, 2023         *s/ Dulce J. Foster*
                            DULCE J. FOSTER
                            United States Magistrate Judge