UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| John Doe, | Case. No. 22-cv-3142 (JRT/DJF) |
| Plaintiff, | |
| v. | |
| Alejandro Mayorkas, Antony J. Blinken, and Ur Jaddou, | **ORDER** |
| Defendants. | |

This matter is before the Court on the parties' Joint Motion for Continued Sealing ("Joint Motion") (ECF No. 74) and Plaintiff's Motion Regarding Sealing of Limited Additional Material in the Motion to Dismiss Briefing ("Plaintiff's Motion") (ECF No. 71), both addressing memoranda and exhibits filed in connecting with Defendants' pending motions to dismiss (ECF Nos. 52, 58).

On June 14, 2024, in response to Plaintiff's Motion to File Amended Complaint Under Pseudonym and Seal the Amended Complaint (ECF No. 48), the Court ordered that Plaintiff could proceed under a pseudonym and file his First Amended Complaint ("FAC") under seal on the ground that public disclosure of his name could be life threatening to Plaintiff and Plaintiff's family members ("June 2024 Order") (ECF No. 49). Plaintiff's FAC alleges, in part, that U.S. Citizenship and Immigration Services ("USCIS") "failed to afford individuals seeking parole from Afghanistan a meaningful evaluation of those applicants' conditions" (ECF No. 67 at 1).

In their Joint Motion, the parties agree that the following documents should remain sealed because they contain confidential and sensitive information about Plaintiff and individuals who are not parties to this action, which is similar to the information the Court deemed appropriate for sealing in its June 2024 Order: (1) Defendants Mayorkas and Jaddou's Memorandum of Law in Support of their Motion to Dismiss Pursuant to Federal Rule Of Civil Procedure 12(B)(1) and

12(B)(6) (ECF No. 53); (2) Requests for Evidence, Sealed Exhibit to Defendants' Motion to Dismiss (ECF No. 55-4); (3) Plaintiff's Opposition to Defendants' Motions to dismiss (ECF No. 66); and (4) Plaintiff's Redacted Opposition to Motions to Dismiss (ECF No. 67). (*See* ECF No. 74 at 2-6.) The parties further agree that one additional redaction is necessary to protect Plaintiff's identity in Defendants' Redacted Requests for Evidence, Exhibit to Defendants' Motion to Dismiss (ECF No. 55-5). (*See id.* at 4; *see also* ECF No. 75-1 at 48, proposed redaction).[1] The parties disagree over how that document should be further redacted, however. (*See* ECF No. 74 at 4-6.) The parties also disagree whether Plaintiff's additional proposed redactions in the following documents are warranted: (1) Defendants Mayorkas and Jaddou's publicly filed Memorandum of Law in Support of their Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(B)(1) and 12(B)(6) (ECF No. 54); (2) Defendant Antony Blinken's publicly filed Reply Memorandum of Law in Support of his Motion to Dismiss Pursuant to Rule 12(B)(1) (ECF No. 69); and (3) Defendants Mayorkas and Jaddou's publicly filed Reply in Support of their Motion to Dismiss Pursuant to Federal Rule Of Civil Procedure 12(B)(1) and 12(B)(6) (ECF No. 70).

Plaintiff's Motion elaborates on his position regarding the disputes presented in the Joint Sealing Motion and also requests additional redactions in Defendant Antony Blinken's Memorandum of Law in Support of his Motion to Dismiss Pursuant to 12(B)(1) (ECF No. 59) on grounds that the information could be used "to reveal the beneficiaries' identity and the number of applications at issue in this case." (ECF No. 71 at 2; *see also* ECF No. 75-2 at 5, 7, proposed redactions.) Defendants filed a response in opposition to Plaintiff's Motion on November 1, 2024 (ECF No. 76.)

---

[1] For ease of reference, the Court cites to the ECF pagination rather than the page numbers on

I.    **Legal Standard**

Parties may seal documents in a civil case "only as provided by statute or rule, or with leave of court." L.R. 5.6(a)(1). "There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222–23 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978)). But the right of access is not absolute. *Id.* at 1123. In a motion to seal, just as in a motion to proceed pseudonymously, the Court "'must consider the degree to which [the relief requested] would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information.'" *Cajune v. Indep. Sch. Dist. 194*, 105 F.4th 1070, 1077 (8th Cir. 2024) (quoting *IDT Corp.*, 709 F.3d at 1223). "[T]he weight to be given to the presumption of [public] access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Id.* at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

When the documents at issue play a material role in the exercise of Article III power or are of value to those monitoring the federal courts, "the presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018). On the other hand, when the documents at issue do not play a material role in the exercise of Article III power or are of little value to those monitoring the courts, the presumption of public access instead "amounts to … a prediction of public access absent a countervailing reason." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

---

the parties' filings.

3

All of the documents at issue are connected to Defendants' motions to dismiss, and therefore, they are likely to play a role in District Judge Tunheim's decisions on the underlying motions. Furthermore, the public's interest in the documents may be particularly acute given the nature of this case and its challenge to government agency decisions. The documents thus are likely to play a material role in the exercise of Article III power and are of value to those monitoring the federal courts, such that the presumption for public access may be overcome only if the party seeking to keep the records sealed provides a compelling reason for doing so. *Flynt*, 885 F.3d at 511.

**II.     Joint Sealing Motion**

The parties agree that the documents filed at ECF Nos. 53, 55-4 and 66 should remain sealed because they contain confidential and sensitive information about Plaintiff and individuals who are not parties to this action. (ECF No. 74 at 2-6.) The parties further agree that one additional redaction to Defendants' Redacted Requests for Evidence, Exhibit to Defendants' Motion to Dismiss (ECF No. 55-5) is necessary to protect Plaintiff's identity. (*See* ECF No. 74 at 4; *see also* ECF No. 75-1 at 48, proposed redaction.) Having reviewed each of these documents, and the proposed additional unopposed redaction in the document filed at ECF No. 55-5, the Court agrees that continued sealing and both the current and proposed redactions are appropriate. Each document contains confidential and sensitive information the Court already deemed appropriate for sealing because public disclosure could be life threatening to Plaintiff and Plaintiff's family members (*See* ECF No. 49 at 2-3), such that there is a sufficiently compelling reason to overcome the public's right to access to the redacted information. The Court therefore grants the Joint Sealing Motion to the extent that the parties agree on continued sealing or redaction of the documents at issue.

The Court notes that ECF No. 55-5 is purportedly the public, redacted version of ECF No. 55-4. (*See* ECF No. 74 at 3.) Based on the Court's review of the docket, however, it appears

that Defendants may have inadvertently filed ECF No. 55-5 under seal. Indeed, all of the documents at ECF No. 55 (an exhibit list with five attached exhibits) were filed under seal, though only one of those documents, ECF No. 55-4, is designated as a sealed filing. To correct what appears to have been an inadvertent mistake, the Court directs the Clerk of Court to unseal ECF Nos. 55, 55-1, 55-2, and 55-3. If the Court's inference is erroneous, the parties will have 21 days to bring a motion for further consideration of sealing before these documents will be unsealed.

The Joint Sealing Motion also identifies the parties' disputes related to Plaintiff's requests for further redaction. The Court addresses these disputes below.

### III.     Plaintiff's Motion

#### A.     Plaintiff's Position

Plaintiff contends "this case involves highly sensitive information concerning numerous individuals who are targeted by the Taliban, and seek humanitarian parole. This Court therefore previously granted Plaintiff's motion to proceed under pseudonym and to redact certain other identifying information from his filings." (ECF No. 71 at 1, citing ECF Nos. 27, 49.)

Plaintiff thus argues the following documents require additional redactions because they contain information that could be used to reveal the beneficiaries' identity and the number of applications at issue in this case: (1) Defendants Mayorkas and Jaddou's publicly filed Memorandum of Law in Support of their Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(B)(1) and 12(B)(6) (ECF No. 54); (2) Defendants' Redacted Requests for Evidence, Exhibit to Defendants' Motion to Dismiss (ECF No. 55-5); (3) Defendant Antony Blinken's Memorandum of Law in Support of his Motion to Dismiss Pursuant to 12(B)(1) (ECF No. 59); (4) Defendant Antony Blinken's Reply Memorandum of Law in Support of his Motion to Dismiss Pursuant to Rule 12(B)(1) (ECF No. 69); and (4) Defendants Mayorkas and Jaddou's Reply in Support of their

5

Motion to Dismiss Pursuant to Federal Rule Of Civil Procedure 12(B)(1) and 12(B)(6) (ECF No. 70). (ECF No. 71 at 2-3.) Plaintiff's requested redactions include: the initials of certain individuals; familial relationship terms, such as "siblings", "extended relatives", "parents", "cousins", "aunt", "father" and "mother"; non-identifying terms and phrases, such as "beneficiary" and "visa application"; and the number of applications Plaintiff filed. (*See e.g.*, ECF Nos. 75 at 13-14; 75-2 at 5, 7; 75-4 at 14, 16.)

Plaintiff argues the requested redactions are appropriate because: (1) they seek to protect confidential and sensitive information about Plaintiff and the beneficiaries at issue and could be used to identify Plaintiff and Plaintiff's family members; (2) they are narrowly tailored to include only the confidential, sensitive, potentially identifying information that is necessary to protect Plaintiff and his family members; (3) the Court previously allowed Plaintiff to proceed under pseudonym and redact certain information from his original and First Amended Complaint; and (4) Defendants will not suffer prejudice if the Court allows Plaintiff's additional, requested redactions, because the redactions are few in number and limited in scope and still enable Defendants to "more than adequately" and "publicly" defend against this case. (ECF No. 71 at 3-5.)

### A. Defendants' Position

Defendants do not object to maintaining the confidentiality of Plaintiff's identities and the identities of his beneficiaries. (ECF No. 76 at 4.) Defendants also do not object to redacted or omitted information in their filings that disclose specific details—such as birthdates, education, employment, or employer information—which could potentially allow the public to deduce the identities of either Plaintiff or his beneficiaries. (*Id.*) Defendants argue, however, that Plaintiff's other proposed redactions go "beyond what the Court previously ordered" and prevent them from meaningfully responding to Plaintiff's accusations in a public forum. (*Id.*) Defendants contend that

in each of the documents at issue, they have already "carefully omitted all names, visa category information, dates, ages, and genders" and that while in some cases they replaced names for initials instead of redacting, "their efforts go well beyond the letter and spirit of the Court's orders and are far more restrictive than what circuit practice indicates is the norm in cases that are not entirely sealed." (*Id.* at 7, citing *e.g., L.P. v. BCBSM (L.P.I.)*, Civ. No. 18-1241 (MJD/DTS), 2020 WL 981186, at *3 (D. Minn. Jan. 17, 2020), *report and recommendation adopted*, Civ. No. 18-1241 (MJD/DTS), 2020 WL 980171 (D. Minn. Feb. 28, 2020) (using initials to protect plaintiff's identity). Defendants ask the Court to deny Plaintiff's Motion: (1) insofar as it seeks additional redactions in the documents filed at ECF Nos. 54, 59, 69, and 70; and (2) adopt Defendants' proposed redactions in the document filed at ECF No. 55-5, which are narrower than the existing redactions. (ECF No. 76 at 10-11; *see also* ECF No. 77-1, proposed redactions).

Defendants argue that terms like "parents," "extended relatives," and "adult siblings" are universally applicable terms that are not personally identifying in any way, and that the nature of the alleged relationships underlying Plaintiff's claims should not be under seal because it could be integral to the Court's evaluation of its defense. (ECF No. 76 at 7-8, citing ECF No. 75-4 at 16). Defendants likewise argue that neither Plaintiff nor the beneficiaries' identities can be determined from any unsealed reference addressing Plaintiff's Form I-131s—including the number of applications he filed. (*Id.* at 8, *id.* at n.4.)

Defendants further argue that their public filings, include "just enough to counteract Plaintiff's accusations of 'blanket denials' without 'individualized review' (FAC ¶¶14, 15, 64, 69, 76, 81, 89, 92, 97), while excluding any information that was remotely identifiable." (*Id.* at 9, citing ECF No. 70 at 8.) Defendants contend that "[s]ilencing Defendants' public defense, while allowing Plaintiff's bald accusations to stay public, is undeniably inconsistent with basic fairness and was

7

clearly not contemplated by the Court's orders." (*Id.*)

Finally, Defendants argue the public has an interest in reviewing its filings—particularly the documents filed at ECF No. 77-1, from which they seek to remove existing redactions—because the documents contradict Plaintiff's allegations that Defendants "failed in [the] administration of the humanitarian parole program for [all] Afghan citizens" and did not "evaluate applications for humanitarian parole … and [instead issued] blanket denials of [all] Afghans' applications for humanitarian parole." (*Id.* at 9-10, citing ECF No. 49, ¶¶89, 92; *see also, e.g., id*. ¶¶14, 15, 64, 76, 69, 81, 89, 92, 97, related accusations). (*Id.* at 10.)

### B. Analysis

Having reviewed each document and both parties' proposed redactions, the Court finds Plaintiff has failed to establish a compelling reason for most of the additional redactions he seeks. The Court grants Plaintiff's Motion, however, with respect to the *initials* contained in ECF No. 70 at page 13. (*See* ECCF No. 75-4 at 14, proposed redactions.) Though in many cases the substitution of initials for names may be appropriate, here the Court is concerned that members of the Taliban from whom Plaintiff fears retribution might be able to triage the initials against other information included in the public record to identify the individuals whose names the parties agree should be protected. While Defendants are correct that the use of initials in place of names is routinely sanctioned in litigation, *see, e.g.*, Fed. R. Civ. P. 5.2(a)(3) (allowing initials to be substituted for minor's names), substitution with initials does not always go far enough to protect individual privacy interests. *See, e.g.,* 45 C.F.R. § 164.514 (c)(1) (prohibiting entities covered by the Health Insurance Portability and Accountability Act from using initials or other code "derived from or related to information about the individual" to identify patients in health information disclosures). The Court concludes that the grave risks of potential identification in this particular case outweigh Defendants' interest, or any

public interest, in disclosure of the individuals' initials at issue here.

Plaintiff's Motion is denied in all other respects. The Court further adopts Defendants' proposed redactions for the document filed at ECF No. 55-5. (*See* ECF No. 77-1, proposed redactions.) While the Court recognizes Plaintiff's security concerns, the Court finds that Defendants' proposed redactions strike an appropriate balance between shielding only the confidential, sensitive, potentially-identifying information that is necessary to protect Plaintiff and his family members, while leaving unredacted information that is central to Defendants' case, but not identifying. Such redactions are consistent with the practice in this Court. *See, e.g.*, *Schmidt v. DePuy Synthes Sales, Inc.*, Civ. No. 21-2353 (NEB/DJF), 2024 WL 3565802, at *3 (D. Minn. July 29, 2024) (allowing the parties "to redact … names and use pseudonyms or initials instead as identifiers. Addresses, phone numbers, birthdates, social security numbers, and similar personal identifying information …also may be redacted[,]" but not information that was "central to Plaintiff's claim and the parties' arguments"). With the exception of the initials discussed above, the Court concludes that Plaintiff's rationale for additional redactions does not overcome the public's right to access to the information he seeks to conceal. *Flynt*, 885 F.3d at 511.

### IV.   **Additional Documents**

In addition to the documents at issue in the parties Joint Motion and Plaintiff's Motion, the parties filed memoranda and exhibits in connection with these motions that are themselves filed under seal. The motions do not address these additional, sealing motion-related documents. However, consistent with this Order, the Court directs that the following documents may remain under seal: ECF Nos. 71-2; 71-5; 75-1; 75-4. The following documents shall be unsealed if a timely motion for further consideration of sealing is not filed within 21 days from the date of this Order: ECF Nos. 71, 71-1, 71-2, 71-3, 71-4, 75 and 77.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the parties' Joint Motion for Continued Sealing (ECF No. 74) is **GRANTED IN PART** and **DENIED IN PART** and Plaintiff's Motion Regarding Sealing of Limited Additional Material in the Motion to Dismiss Briefing (ECF No. 71) is **GRANTED INPART** and **DENIED IN PART** as follows:

1. The Clerk of Court is directed to keep the following documents **UNDER SEAL** without additional redaction: ECF Nos. 53, 55-4 and 66.

2. The Clerk of Court is directed to keep ECF No. 55-5 **UNDER SEAL**.

3. The Court further directs the Clerk of Court to **UNSEAL** ECF No. 77-1 (Defendants' proposed redacted version of ECF No. 55-5), **21 days from the date of this Order**, unless a timely motion for further consideration is filed pursuant to Local Rule 5.6(f).

4. The Clerk of Court is directed to **UNSEAL** ECF Nos. 55, 55-1, 55-2 and 55-3, **21 days from the date of this Order**, unless a timely motion for further consideration is filed pursuant to Local Rule 5.6(f).

5. The documents filed at ECF Nos. 54, 59, 67 and 69 are currently public and need not be sealed.

6. The Clerk of Court is directed to **SEAL** ECF No. 70 immediately. Defendants shall separately file a public redacted version of ECF No. 70, with redactions consistent with this Order, **no earlier than 21 days from the date of this Order**, if a timely motion for reconsideration is **not** filed pursuant to Local Rule 5.6(f).

7. The Clerk of Court is directed to keep the following additional documents related to the parties' sealing motions **UNDER SEAL**: ECF Nos. 71-2, 71-5, 75-1 and 75-4.

8. The Clerk of Court is directed to **UNSEAL** the following additional documents related to the parties' sealing motions **21 days from the date of this Order**, unless a timely motion for further consideration is filed pursuant to Local Rule 5.6(f): ECF Nos. 71, 71-1, 71-3, 71-4, 75, 75-2, 75-3 and 77.

Dated:  November 6, 2024                    *s/ Dulce J. Foster*
                                            DULCE J. FOSTER
                                            United States Magistrate Judge