UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

John Doe,

        Plaintiff,

v.

Kristi Noem, *Secretary of Homeland Security*, and Joseph B. Edlow, *Director of U.S. Citizenship and Immigration Services*,[1]

        Defendants.

Civil No. 22-cv-3142 (JRT/DJF)

**ORDER**

---

    This matter is before the Court on the parties' Joint Motion Regarding Continued Sealing ("Sealing Motion") (ECF No. 126) filed in connection with Defendant's Motion For Judgment On The Pleadings ("Underlying Motion") (ECF No. 95). Defendants filed their memorandum and reply supporting the Underlying Motion under seal (ECF Nos. 96, 123). Plaintiff similarly filed his response opposing the Underlying Motion under seal (ECF No. 116). The parties also filed publicly redacted versions of each sealed document. (ECF Nos. 97, 117, 124.)

    The parties agree that the sealed documents filed at ECF Nos. 96 and 116, and the redacted portions of the documents filed at ECF Nos. 97 and 117 should remain sealed because they contain confidential and sensitive information about Plaintiff and individuals who are not parties to this action that the Court previously determined should be sealed. (ECF No. 126 at 3-4.) The parties

---

[1] As public officials, the Court automatically substitutes Defendants Kristi Noem and Joseph B. Edlow as Defendants in this matter pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

1

also note that the document filed publicly at ECF No. 124 does not contain any redactions of the sealed document filed at ECF No. 123. (ECF No. 126 at 1 n.1.)

I.   **Legal Standard**

Parties may seal documents in a civil case "only as provided by statute or rule, or with leave of court." L.R. 5.6(a)(1). "There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222–23 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978)). But the right of access is not absolute. *Id.* at 1123. The Court "'must consider the degree to which [the relief requested] would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information.'" *Cajune v. Indep. Sch. Dist. 194*, 105 F.4th 1070, 1077 (8th Cir. 2024) (quoting *IDT Corp.*, 709 F.3d at 1223). "[T]he weight to be given to the presumption of [public] access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Id.* at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

When the documents at issue play a material role in the exercise of Article III power or are of value to those monitoring the federal courts, "the presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018). On the other hand, when the documents at issue do not play a material role in the exercise of Article III power or are of little value to those monitoring the courts, the presumption of public access instead "amounts to … a prediction of public access absent a countervailing reason." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

II.  Analysis

Although Defendant's Motion For Judgment On The Pleadings (ECF No. 195) is not yet resolved, such that it is currently unknown whether the materials will play a role in a dispositive decision,[2] the Court would reach the same conclusion under either the "compelling reason" standard, *see Flynt*, 885 F.3d at 511, or the "countervailing reason" standard, *IDT Corp.*, 709 F.3d at 1224.  The Court has previously considered the parties' similar sealing requests, and each time concluded that sealing was appropriate to protect Plaintiff and non-involved third parties.  (*See* ECF Nos. 27, 49, 80.)  The same reasoning applies here.  The documents filed at ECF Nos. 96 and 116 and the redacted portions of the documents filed at ECF Nos. 97 and 117 each contain information the Court previously concluded should remain sealed because it is confidential and sensitive information about Plaintiff or individuals not party to this action that overcomes the public's right of access.  (*See* ECF Nos. 27, 49, 80.)  Upon additional review, the Court still finds continued sealing is appropriate.

The parties' Joint Sealing Motion does not address the document filed at ECF No. 123, but because the document filed publicly at ECF No. 124 does not contain any redactions of the sealed document, the Court finds that document filed at ECF No. 123 is appropriately unsealed.

### ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the parties' Joint Motion Regarding Continued Sealing (ECF No. 126)

---

[2] In *IDT Corp.*, 709 F.3d at 1221-22, the parties settled the case before the district judge could consider the merits of the underlying complaint, which the plaintiffs had filed under seal. Though a complaint necessarily goes to the validity of the asserted claims, the court applied the "countervailing reason" standard because the district court never adjudicated any aspect of the claims on the merits.  *Id.* at 1224.  Similarly, whether the district judge in this case will consider the merits of Defendants' motion will not be known until a decision on that motion is filed.

is **GRANTED** as follows:

1. The Clerk of Court is directed to keep the documents filed at ECF Nos. 96 and 116 under seal.

2. The Clerk of Court is directed to unseal the document filed at ECF No. 123.

Dated:  July 22, 2025                         *s/ Dulce J. Foster*
                                                 DULCE J. FOSTER
                                                 United States Magistrate Judge