**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

JOHN DOE,

                Plaintiff,

v.

MARKWAYNE MULLIN, *Secretary of Homeland Security*; MARCO A. RUBIO, *Secretary of State*; and JOSEPH B. EDLOW, *Director, U.S. Citizenship and Immigration Services*,

                Defendants.

Civil No. 22-3142 (JRT/DJF)

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' RENEWED MOTION TO DISMISS**

---

Alanna B. Newman and James Regan, **DUANE MORRIS LLP**, 22 Vanderbilt, 335 Madison Avenue, 23rd Floor, New York, NY 10017; Elinor Murarova, **DUANE MORRIS LLP**, 190 South LaSalle Street, Suite 3700, Chicago, IL 60603; and Archana Nath, **FOX ROTHSCHILD LLP**, 33 South Sixth Street, Suite 3600, Minneapolis, MN 55402, for Plaintiff.

David J. Byerley and Ruth Ann Mueller, **UNITED STATES DEPARTMENT OF JUSTICE**, P.O. Box 868, Ben Franklin Station, Washington, DC 20044; David W. Fuller, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Defendants.

Plaintiff John Doe, a United States citizen originally from Afghanistan, alleges that

Defendants Markwayne Mullin,[1] Secretary of Homeland Security, and Joseph Edlow,

---

[1] Markwayne Mullin is now the Secretary of Homeland Security. Pursuant to Federal Rule of Civil Procedure Rule 25(d), he is substituted as a Defendant.

Director of the United States Citizenship and Immigration Services ("USCIS"), violated the Administrative Procedure Act ("APA") when they denied Plaintiff's twenty-seven parole applications for his family to enter the United States.  Plaintiff alleges that USCIS failed to consider the parole applications on a case-by-case basis as required by federal statute.

In early January 2026, the Court denied Defendants' motion for judgment on the pleadings, in which Defendants sought to dismiss Plaintiff's Amended Complaint for failure to state a claim and for lack of standing.  Shortly after the Court issued its decision, the Eighth Circuit issued its decision in *Fofana v. Noem*, holding that under 8 U.S.C. § 1252(a)(2)(B)(ii), the district court lacked jurisdiction to review all aspects of the Secretary of Homeland Security's decision to deny a noncitizen's application for adjustment to lawful permanent residence status.  *See* 163 F.4th 1135, 1140 (8th Cir. 2026).

In light of the Eighth Circuit's decision in *Fofana*, Defendants have filed a renewed motion to dismiss for lack of jurisdiction, arguing that that Eighth Circuit's recent interpretation of § 1252(a)(2)(B)(ii) precludes review of denials of humanitarian parole applications under § 1182(d)(5)(A).  (*See* Docket No. 209.)

Because the Eighth Circuit's interpretation of § 1252(a)(2)(B)(ii) in *Fofana* appears to foreclose judicial review of every aspect of the Secretary's decision to parole noncitizens into the United States for humanitarian reasons or significant public benefit— including both discretionary and nondiscretionary determinations—the Court concludes

that it lacks subject-matter jurisdiction. The Court will therefore dismiss Plaintiff's Amended Complaint without prejudice.[2]

**BACKGROUND**

The Court recounted the factual background of this case in a previous Order and need not do so again here. (*See* Order Denying Mot. J. on the Pleadings, Jan. 9, 2026, Docket No. 203.) The Court will limit its discussion of the factual and procedural history to information squarely relevant to Defendants' present motion to dismiss.

During the war in Afghanistan, the United States government relied on the assistance of Afghan nationals. Plaintiff[3] is among those "with known connections to the United States and the Afghan Army." (Sealed Am. Compl. ("Am. Compl.") ¶¶ 24–26, June 13, 2024, Docket No. 46.) In 2021, following the United States' withdrawal from Afghanistan, the U.S. Department of State announced a refugee program for certain Afghan nationals and their eligible family members. (*Id.* ¶ 39.) In response, Plaintiff filed humanitarian parole applications with USCIS, for each of his twenty-seven family members who remained in Afghanistan. (*Id.* ¶¶ 4, 13.)

---

[2] Also pending before the Court is Defendants' appeal of the Magistrate Judge's January 20, 2026 order on Plaintiff's motion to compel production. (*See* Defs.' Objs., Feb. 3, 2026, Docket No. 222.) Because the Court will dismiss this action for lack of subject matter jurisdiction, the Court will dismiss Defendants' appeal as moot.

[3] Plaintiff has filed this case under a pseudonym. (Sealed Am. Compl. ¶ 1 n.1, June 13, 2024, Docket No. 46.) Though it is typically the Court's practice to use the plaintiff's name in orders, this order uses "Plaintiff" throughout to protect his identity.

USCIS created a two-step process for evaluating humanitarian parole applications. Officers must: (1) determine whether humanitarian reasons or a significant public benefit exist; and (2) consider the totality of the circumstances to decide, in its discretion, whether to grant the application.  (*Id.* ¶ 47.)  USCIS denied Plaintiff's applications in 2022 through identical form letters.  (*Id.* ¶ 13.)

In 2022, shortly after USCIS denied Plaintiff's applications, he brought this action[4] arguing that USCIS ignored its statutory duty to evaluate parole applications on a "case-by-case basis."  (Sealed Compl., Dec. 22, 2022, Docket No. 1.)  The parties thereafter jointly moved to stay the case to work out an administrative solution; Magistrate Judge Dulce J. Foster granted the motion and stayed the case for 120 days.  (Joint Mot. to Stay, Order on Joint Mot. to Stay, Oct. 5, 2023, Docket Nos. 31, 33.)  The parties requested an additional 90 days, which the Magistrate Judge granted.  (Second Joint Mot. to Stay, Feb. 2, 2024, Docket No. 36; Order on Second Joint Mot. to Stay, Feb. 5, 2024, Docket No. 38.)

During these stays, USCIS reopened Plaintiff's parole applications and issued Requests for Evidence ("RFEs") for all but one of Plaintiff's family members.  (Am. Compl. ¶¶ 13, 16.)  USCIS again denied all twenty-seven applications with identical form letters. (*Id.* ¶ 16.)

---

[4] Then-Secretary of Homeland Security Alejandro Mayorkas, then-Secretary of State Antony Blinken, and then-USCIS director Ur Jaddou were the original defendants in this case.

At an impasse, the parties agreed to resume this litigation. (Status Report, May 2, 2024, Docket No. 39.) Plaintiff filed an Amended Complaint, arguing that both the original and subsequent application denials violated the APA and the Fifth Amendment of the United States Constitution. (Am. Compl. ¶¶ 90–98.) All Defendants moved to dismiss for lack of jurisdiction. (Mots. Dismiss, July 11, 2024, Docket Nos. 52, 58.)

On March 11, 2025, the Court granted in part and denied in part Defendants' motion to dismiss. The Court granted the Secretary of State's Motion to Dismiss (Docket No. 58) for lack of standing because Plaintiff failed to plausibly allege that his injury was caused by the Secretary of State. (Sealed Mem. Op. and Order on Mot. Dismiss ("March 2025 Order") at 7–8, Mar. 11, 2024, Docket No. 87.) The Court also granted the USCIS Director and Secretary of Homeland Security's Motion to Dismiss (Docket No. 52) to the extent the Amended Complaint was based on the first round of USCIS denials, concluding that the APA and Fifth Amendment claims under the first round of denials were moot. (*Id.* at 7.) But the Court denied the USCIS Director and Secretary of Homeland Security's motion in all other respects.

In doing so, the Court concluded that 8 U.S.C. § 1252(a)(2)(B)(ii)—which states that "no court shall have jurisdiction to review . . . any other decision or action of [the Secretary] the authority for which is specified . . . to be in the discretion of" the Secretary—did not apply and therefore did not deprive the Court of jurisdiction. (*Id.* at 11.) The Court reasoned that although § 1252(a)(2)(B)(ii) forecloses review of USCIS's

ultimate discretionary decision to deny parole, the Court could review the "predicate legal question of whether USCIS conducted its review on a case-by-case basis." (*Id.*).

In April 2025, the only remaining defendants—the USCIS Director and Secretary of Homeland Security (collectively, "Defendants")—moved for judgment on the pleadings. (Mot. J. on Pleadings, Apr. 18, 2025, Docket No. 95.) Before Defendants filed their motion, Plaintiff voluntarily dismissed the procedural due process claim (Count II), leaving only the APA claim (Count I) remaining. (Stipulation of Dismissal, Apr. 17, 2025, Docket No. 94.) In early 2026, the Court denied Defendants' motion for judgment on the pleadings. (Docket No. 203.)

Shortly after the Court denied Defendants' motion for judgment on the pleadings, the Eighth Circuit issued its decision in *Fofana v. Noem*, 163 F.4th 1135 (8th Cir. 2026), and held that federal courts lack jurisdiction under 8 U.S.C. § 1252(a)(2)(B)(ii) to review all aspects of the Secretary's decision to deny a noncitizen's application for adjustment of status to lawful permanent resident under 8 U.S.C. § 1159(b).

In light of *Fofana*, Defendants now move to dismiss the Amended Complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3). (Docket No. 209.)

**DISCUSSION**

**I.    STANDARD OF REVIEW**

If the Court determines at any time that it lacks subject matter jurisdiction, the Court must dismiss the action. Fed. R. Civ. P. 12(h)(3). "Subject matter jurisdiction . . . is

a threshold requirement which must be assured in every federal case." *Turner v. Armontrout*, 922 F.2d 492, 493 (8th Cir. 1991). The party seeking to invoke a federal court's subject matter jurisdiction bears the burden of showing that the Court has jurisdiction. *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011).[5]

## II.    ANALYSIS

Defendants argue that the Court's prior conclusion that it had jurisdiction to review the predicate legal question of whether USCIS conducted its review of Plaintiff's parole applications on a case-by-case basis is no longer viable in light of the Eighth Circuit's decision in *Fofana*.

The Court will begin its analysis by outlining the relevant statutes, before analyzing whether the recent *Fofana* decision controls here, and if so, what outcome it requires.

### A.    Statutory Text

Under 8 U.S.C. § 1182(d)(5)(A), "[t]he Secretary of Homeland Security may . . . in his discretion parole into the United States temporarily under such conditions as he may

---

[5] "A court deciding a motion to dismiss for lack of subject-matter jurisdiction must distinguish between a 'facial attack' and a 'factual attack.'" *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). In deciding a facial attack, "the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Id.* (citations omitted). The Court also accepts as true all facts alleged in the complaint, construing all reasonable inferences in the plaintiff's favor. *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016). In contrast, "[i]n a factual attack, the court considers matters outside the pleadings," and the non-moving party does not enjoy the benefit of the allegations in its pleadings being accepted as true. *Osborn*, 918 F.2d at 729 n.6 (citations omitted). "The general rule is that a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (citations and internal quotation marks omitted).

prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any [noncitizen] applying for admission to the United States . . . ." Defendants argue that its decision to deny a noncitizen's application for humanitarian parole under 8 U.S.C. § 1182(d)(5)(A) is unreviewable under 8 U.S.C. § 1252(a)(2)(B), which strips federal courts of jurisdiction over certain immigration matters.

8 U.S.C. § 1252(a)(2)(B) provides:

> Notwithstanding any other provision of law . . . no court shall of have jurisdiction to review—
>
> (i)      any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or
>
> (ii)     **any other decision or action** of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be **in the discretion** of the Attorney General or the Secretary of the Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B) (emphasis added).  Clause (ii) is at issue here.  As previously noted, the Court rejected Defendants' argument at the motion to dismiss stage that 8 U.S.C. § 1252(a)(2)(B)(ii) barred the Court from exercising jurisdiction over the "predicate legal question" of whether USCIS conducted is review of Plaintiff's parole applications on a case-by-case basis.  (March 2025 Order at 11.)[6]

---

[6] The Court, in the March 2025 Order, acknowledged that USCIS's discretionary final parole decision is unreviewable.  (March 2025 Order at 9.)

**B.**    *Fofana v. Noem*

In January 2026, the Eighth Circuit considered whether a federal court could review the Secretary of Homeland Security's decision to deny a noncitizen's application for adjustment of status to become a lawful permanent resident under 8 U.S.C. § 1159(b). *Fofana v. Noem*, 163 F.4th 1135 (8th Cir. 2026).  Under § 1159(b), the Secretary of Homeland Security may, in their "discretion," adjust the status of a noncitizen granted asylum upon a determination that the noncitizen satisfies five statutory requirements, one of which is that the noncitizen "is admissible . . . as an immigrant."

The plaintiff in *Fofana* filed an application for adjustment of status under § 1159(b), but USCIS denied the application, concluding that the plaintiff was inadmissible under 8 U.S.C. § 1182(a)(3)(B)(i)(I) because he had solicited money for a terrorist organization. 163 F.4th at 1137.  Plaintiff then filed an action in federal court challenging USCIS's determination. *Id.*  The district court granted summary judgment to the plaintiff. *Id.*  In doing so, the district court rejected defendants' argument that the court lacked jurisdiction under § 1252(a)(2)(B) to review the Secretary's conclusion that plaintiff was inadmissible because the district court understood its review to be limited to USCIS's nondiscretionary predicate determination—namely, whether the plaintiff was inadmissible—rather than the agency's ultimate discretionary decision to deny plaintiff's application for adjustment of status. *Id.*

In concluding that the jurisdictional bar did not extend to nondiscretionary predicate legal determinations, the district court relied on the Eighth Circuit's decision in

*Bremer v. Johnson*, 834 F.3d 925, 928–31 (8th Cir. 2016).  In *Bremer*, the Eighth Circuit

considered whether 8 U.S.C. § 1252(a)(2)(B)(ii) precluded judicial review of family-based

visa applications and stated:

> Even where a statute precludes judicial review of discretionary agency actions, courts may review certain non-discretionary legal determinations that underlie an agency's exercise of unreviewable discretion.  Such "predicate legal questions" include, for example, whether statutory conditions precedent to the agency's authority to exercise discretion have been satisfied.

834 F.3d at 929.

On appeal, the Eighth Circuit in *Fofana* reversed, concluding that § 1252(a)(2)(B)(ii)

precluded judicial review.  *Fofana*, 163 F.4th at 1139.  In support of its decision, the Eighth

Circuit found the Supreme Court's decision in *Patel v. Garland*, 596 U.S. 328 (2022)

instructive.  *Id.* at 1138.  In *Patel*, the Supreme Court "held that the phrase 'any judgment

regarding granting of relief' . . . applies not only to the ultimate judgment to grant or deny

relief, but also to nondiscretionary determinations that are necessary in determining

whether an applicant is eligible for relief."  *Id.* (citing *Patel*, 596 U.S. at 338–39).  The

Eighth Circuit then interpreted the phrase "any other decision or action" in

§ 1252(a)(2)(B)(ii)—in light of *Patel*—to cover "decisions 'of whatever kind'—not just

discretionary decisions or last-in-time decisions."  *Id.* at 1139.  That is, because the

decision to adjust a noncitizen's status is committed to the discretion of the Secretary,

§ 1252(a)(2)(B)(ii) applies, and "the **entire** decision whether to adjust status—including

the decision on whether Fofana is eligible—is insulated from judicial review."  *Id.*

(emphasis added).  Moreover, the Eighth Circuit broadly emphasized that "[w]here . . . the statute specifies that the authority to grant relief is in the discretion of the Secretary, clause (ii) insulates the decision from judicial review."  *Id.*

The Eighth Circuit also rejected plaintiff's contention that *Bremer* permitted judicial review, explaining that *Bremer* addressed a predicate legal question that "did not concern a 'decision' by the Secretary."  *Id.*  The court further clarified: "Insofar as prior decisions or language in *Bremer* regarding jurisdiction to make 'non-discretionary legal determinations' suggested a broader declaration, we clarify here the proper analysis in light of the Supreme Court's intervening decision in *Patel*."  *Id.* at 1139–40.

### C.    Decision

The Court interprets *Fofana* and *Patel* as holding that courts lack jurisdiction under § 1252(a)(2)(B)(ii) to review all aspects of a decision that Congress has committed to the Secretary's discretion.  *See id.* at 1139 ("*Patel* establishes that the unreviewable decision—'any decision,' like 'any judgment'—is not limited to a final discretionary decision but includes the Secretary's decision on all aspects of the application for adjustment.").  Therefore, to determine whether *Fofana* requires dismissal of this case, the Court must assess whether the "authority for the decision" whether to grant relief is committed to discretion of the Secretary.  *See id*. (citing § 1252(a)(2)(B)(ii)).

Under 8 U.S.C. § 1182(d)(5), "[t]he Secretary of Homeland Security may . . . **in his discretion** parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant

public benefit any [noncitizen] applying for admission to the United States . . . ."

(emphasis added).  By its terms, § 1182(d)(5)(A) commits the parole determination to the

Secretary's discretion.  Because § 1182(d)(5)(A) "specifies that the authority to grant relief

is in the discretion of the Secretary"—like the statute in *Fofana*—the reasoning of *Fofana*

controls the outcome here.  *See Fofana*, 163 F.4th at 1139.  The Court therefore concludes

that § 1252(a)(2)(B)(ii) precludes judicial review.[7]

In short, because Congress committed the humanitarian parole decision to the

Secretary's discretion, the Court lacks jurisdiction to review all aspects of USCIS's decision

to deny Plaintiff's parole applications.[8]   Accordingly, the Court will dismiss this action

without prejudice for lack of subject matter jurisdiction.

---

[7] *See also Hirey v. Noem*, Civ. No. C25-4075, 2026 WL 91654, at *2–3 (N.D. Iowa Jan. 13, 2026) (concluding that § 1252(a)(2)(B)(ii)—as interpreted by the Eighth Circuit in *Fofana*— forecloses review of the Secretary's parole-termination decision under § 1182(d)(5)(A) and rejecting petitioner's attempt to characterize his claims as merely challenging respondents' failure to conduct a case-by-case review or to follow their own notice and regulatory requirements).

[8] Plaintiff argues that *Fofana* does not control because the question presented is whether Defendants complied with the procedures governing their review of humanitarian parole applications.  Although the Court is sympathetic to Plaintiff's argument, neither the text of § 1252(a)(2)(B)(ii) nor the Eighth Circuit's interpretation of that provision in *Fofana* distinguish between challenges to an agency's compliance with its "procedures" and the Secretary's "decisions."  *Fofana* broadly held that § 1252(a)(2)(B)(ii) precludes judicial review of "all aspects" of any "decision or **action** of the Attorney General or the Secretary of Homeland Security" when the decision to grant relief is discretionary and committed to the Attorney General or the Secretary.  *Fofana*, 163 F.4th at 1139.  The inclusion of the term "action" confirms that § 1252(a)(2)(B)(ii) reaches more than the Secretary's decisions; it also encompasses the actions undertaken in the exercise of that discretionary authority, including the procedural actions Plaintiff challenges here.

-13-

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1. Defendants' Renewed Motion to Dismiss for Lack of Jurisdiction (Docket No.

   [209]) is **GRANTED**.

2. Defendants' Appeal of the Magistrate Judge's Order on Plaintiff's Motion to

   Compel Production (Docket No. [222]) is **DISMISSED as moot**.

3. Plaintiff's Amended Complaint (Docket No. [46]) is **DISMISSED without**

   **prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED:  August 10, 2026                     _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                      JOHN R. TUNHEIM
                                             United States District Judge